UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY WAYNE WALTON II and ELIJAH WALTON III,<br><br>Plaintiffs,<br><br>v.<br><br>AMANDA HOPPER, et al.,<br><br>Defendants. | No. 2:22-cv-00453 JAM AC PS<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff has commenced this action pro se. The matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 2) will therefore be granted.

**I. Screening Requirement**

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly

1

baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000) (en banc).

## II.  The Complaint

Plaintiff, on behalf of himself and his child, is suing Amanda L. Hopper (Sutter County District Attorney), Cameron King (Sutter County District Attorney), and Clint Curry (Yuba County District Attorney). ECF No. 1 at 2-3. Plaintiff also names the Sutter County District Attorney's Office as a defendant. Id. at 5. Plaintiff alleges violation of his civil rights by the District Attorneys and "abuse of process (court procedures)." Id. at 4. Plaintiff alleges the

defendants wrongfully or intentionally sought a "restraining order" as part of his criminal sentencing to unjustly prevent him from obtaining custody of his biological son. Id. at 5. The improper order is also referred to in the complaint as a condition of probation. Id. at 6.[1] Plaintiff alleges that the prosecutors had ulterior motives in pursuing the restraining order, resulting in a violation of his parental and human rights. Id. Plaintiff alleges the illegal restraining order was unlawfully upheld by the Lassen County Superior Court during plaintiff's family law case. Id. at 6. Plaintiff seeks fifty million dollars in damages. Id. at 5.

### III. Failure to State a Claim

This complaint is defective in several fundamental ways: (1) plaintiff, the senior Mr. Walton, seeks to represent both himself and his child without an attorney; (2) the complaint seeks monetary relief from defendants who are immune from such relief; and (3) the complaint is barred by legal doctrines that prevents federal courts from interfering with state court judgments.

First, the senior Mr. Walton purports to bring this case on behalf of himself and his minor child. As a self-represented litigant, Mr. Walton can represent only himself. The Ninth Circuit has clearly held that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997). Thus, plaintiff cannot bring this case on behalf of his child. He can only bring suit for legal harms he suffered himself.

Second, plaintiff cannot maintain a civil rights action against district attorneys for the way that they do their jobs, including seeking a particular sentence, ruling, or court order. In other words, prosecutors acting within the scope of their duties as advocates for the state are absolutely immune from civil suits for damages under Section 1983. See Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Botello v. Gammick, 413 F.3d 971, 975 (9th Cir. 2005) ("Prosecutors are absolutely immune from liability under § 1983 for their conduct insofar as it is 'intimately associated' with the judicial phase of the criminal process."). Seeking a particular sentence,

---

[1] The court cannot tell whether plaintiff is complaining about a no-contact condition of probation which was imposed initially as part of his criminal sentence, or an independently existing TRO with which he was ordered to comply while on probation. For the reasons that follow, this is a distinction without a difference.

3

condition of probation, or restraining order is a traditional function of an advocate and thus entitles the prosecutors named here to absolute immunity. See Genzler v. Longanbach, 410 F.3d 630, 636 (9th Cir. 2005). Even claims of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence must be dismissed where prosecutorial immunity applies under Imbler. See Stevens v. Rifkin, 608 F. Supp. 710, 728 (N.D. Cal. 1984). Accordingly, plaintiff cannot state any kind of claim against defendants Hopper, King or Curry for seeking the imposition or enforcement of a restraining order or condition of probation. These defendants are immune from suit, and that immunity is absolute.

Plaintiff also seeks to sue the District Attorney's Office itself, but he does not make any allegations specifically against the Office. To the extent plaintiff intends to hold the Office responsible for the prosecutors' conduct, he cannot do so. "There is no respondeat superior liability under section 1983." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). It is true that, as a branch of the County, the District Attorney's Office can be held accountable for civil rights violations under certain circumstances. "[M]unicipalities and other local government units...[are] among those persons to whom § 1983 applies." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). However, "a municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation.' " City of Canton v. Harris, 489 U.S. 378, 389 (1989) (alteration in original) (quoting Monell, 436 U.S. at 694 and Polk County. v. Dodson, 454 U.S. 312, 326 (1981)). There must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." Id. at 385. Here, the complaint does not allege any specific action taken by the Office, and it does not reference any policy or custom as the cause of a constitutional violation.

Finally, plaintiff's case is barred doctrines that prevent the federal courts from setting aside state court rulings and judgments in most circumstances. The complaint makes allegations about a restraining order that is also described as a condition of probation; it references both a related criminal sentence and a family law order. There is no information about plaintiff's underlying criminal conviction, and it is unclear whether the criminal court order sought by the defendant prosecutors was a no-contact condition of probation or a condition requiring

4

compliance with an independent restraining order. Either way, and under any of the possible scenarios consistent with plaintiff's allegations, the complaint is barred by either Heck v. Humphrey, 512 U.S. 477 (1994) or the Rooker–Feldman doctrine.[2]

To the extent that the "restraining order" plaintiff complains about is a condition of probation and thus part of a criminal sentence, his civil rights claim may be Heck-barred. Heck bars § 1983 claims that assert or imply the invalidity of a criminal conviction or sentence, unless the conviction or sentence at issue has previously been invalidated. Id. at 486-487. Although plaintiff does not allege or imply any underlying wrongful conviction, a probation condition is part of a sentence imposed by a criminal trial court. Accordingly, many courts have found that Heck bars a § 1983 challenge to a condition of probation unless and until that condition has been successfully challenged and set aside. See Drollinger v. Milligan, 552 F.2d 1220, 1224-25 (7th Cir. 1977) (noting that a challenge to conditions of probation is an attack on the sentence of the trial court); cf. Thornton v. Brown, 757 F.3d 834 (9th Cir. 2013) (distinguishing Drollinger and holding that a challenge to term of parole is not subject to Heck bar, because conditions of parole are not imposed by the trial court as part of the sentence). Courts in the Ninth Circuit have held that Heck applies to claims challenging conditions of probation.[3] However, if plaintiff is no longer on probation and therefore does not have post-conviction remedies available to him, the Heck bar may not apply. See Beckway v. DeShong, 717 F. Supp. 2d 908, 925-926 (N.D. Cal. July 28, 2010) (on reconsideration). The complaint does not specify whether plaintiff remains on probation, but there is no need to inquire into the matter. If Heck does not bar the claims, the Rooker-Feldman doctrine does.

Federal district courts cannot hear cases that essentially appeal a state court decision of any kind. Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16 (1923). The legal doctrine known

---

[2] See Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

[3] See e.g., Larson v. Baker, 2019 U.S. Dist. LEXIS 74481(D. Mon. Feb. 15, 2019); see also Chico Scrap Metal, Inc. v. Robinson, 560 F. App'x 650 (9th Cir. 2014) ("In addition, Heck bars the claims because Plaintiffs were sentenced to compliance with the challenged cleanup orders as a condition of their probation in the criminal case, as specifically directed by the state court in its criminal judgment. . . .").

as Rooker–Feldman provides that "lower federal courts are without subject matter jurisdiction to review state court decisions[.]" Mothershed v. Justices of Supreme Ct., 410 F.3d 602, 606 (9th Cir. 2005) (as amended).  To determine whether the Rooker–Feldman bar applies, a district court asks whether "the action contains a forbidden de facto appeal of a state court decision." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013).  "A de facto appeal exists when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.' " Id. (quoting Noel v. Hall, 341 F.3d 1148, 1164 (9th Cir. 2003)).  Here, plaintiff has clearly asserted as a legal wrong an allegedly erroneous state court decision depriving him of contact with his child, and he seeks relief from that state court order and his consequent loss of custody and parental rights.  Accordingly, the complaint must be construed as a de facto appeal of the pertinent state court judgment(s).  Rooker-Feldman therefore bars this suit.

Child custody and parental rights are quintessentially state law matters that are generally outside the purview of the federal court.  See Moore v. County of Butte, 547 Fed. Appx. 826, 829 (9th Cir. 2013); Riley v. Knowles, No. 1:16-cv-0057-JLT, 2016 WL 259336, at *3 (E.D. Cal. Jan. 21, 2016); Conerly v. Winn, No. 2:20-cv-01833 JAM AC, 2020 WL 6083668, at *2 (E.D. Cal. Sept. 16, 2020), report and recommendation adopted, No. 2:20-CV-1833 JAM AC, 2020 WL 6075708 (E.D. Cal. Oct. 14, 2020), aff'd, 851 F. App'x 815 (9th Cir. 2021), cert. denied, 142 S. Ct. 585 (2021).  This court has no jurisdictional basis to insert itself into matters adjudicated in Sutter, Yuba and/or Lassen Counties regarding plaintiff's access to and relationship with his minor child.

For all these reasons, plaintiff's complaint must be dismissed.

### IV. Leave to Amend Is Not Appropriate

The court finds that the complaint fails to state any cognizable civil rights claim under 42 U.S.C. § 1983.  Amendment of the complaint would be futile because no federal claim is available based on the facts alleged.  "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a

6

complaint lacks merit entirely."). Here, plaintiff's claims are barred in their entirety because he seeks relief from defendants clothed with absolute immunity. Genzler, 410 F.3d at 636. This is not a defect that can be cured by amendment. Moreover, the gravamen of the complaint amounts to a de facto appeal of state court orders and is therefore barred by the Rooker-Feldman doctrine. See Bell, 709 F.3d at 897. Accordingly, even plaintiff were to drop his minor child as a putative plaintiff, demonstrate the inapplicability of Heck, and assert a theory of municipal liability, dismissal would still be required. For these reasons, the complaint should be dismissed without leave to amend.

### V. Pro Se Plaintiff's Summary

Your request to proceed without paying the filing fee is being granted, and you will not have to pay a filing fee in this case. However, the Magistrate Judge is recommending that this case be dismissed, for several reasons: (1) you cannot sue prosecutors for the things they do in court cases; (2) you cannot sue the District Attorney's Office for actions taken by its employees; (3) you cannot represent your child without an attorney; (4) you cannot challenge the validity of a criminal sentence, including a condition of probation, in a civil rights lawsuit if that condition is still in effect; and (5) federal courts have no authority to overturn the orders of state courts, particularly as relates to child custody and parental rights. You have 21 days to file objections to this recommendation.

### VI. Conclusion

For the reasons stated above, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

IT IS FURTHER RECOMMENDED that the complaint (ECF No. 1) be DISMISSED with prejudice because it fails to state a claim upon which relief can be granted and because it brings claims against immune defendants.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document

should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: March 21, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE